# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark, III |
| v. | : | Mag. No. 24-12280 |
| REMINGTON GOY OGLETREE<br>a/k/a "remi" | : | **ORDER FOR CONTINUANCE** |

1.  This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Andrew Kogan, Assistant U.S. Attorney, appearing), and defendant Remington Goy Ogletree, a/k/a "remi" (Caleb Mason, Esq., appearing), for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A) through January 10, 2025.

2.  This Court has granted no § 3161(h)(7)(A) continuances previously in this case.

3.  Counsel for the parties represented that this continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

4.  Counsel for the United States also represented that this continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

5.  The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

6.      The defendant, through counsel, has consented to this continuance.

7.      FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

    a.    The charges in this case result from a lengthy investigation, and the pre-indictment information the United States intends to voluntarily provide to the defendant involves numerous documents and recordings that defense counsel requires adequate time to review.

    b.    Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation

    c.    The parties also may enter into plea negotiations, and both the United States and the defendant desire additional time to consider entering these negotiations and if so to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

    d.    Thus, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued from the date this order is signed to and through January 10, 2025; and it is further

ORDERED that those days are excluded in computing time under the Speedy Trial Act of 1974; and it is further

- 3 -

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

*s/James B. Clark, III*
HON. JAMES B. CLARK, III
United States Magistrate Judge

Dated: November 08, 2024

Form and entry consented to:

s/Andrew Kogan

Andrew Kogan
Assistant U.S. Attorney

/s *Caleb Mason*   [CA Bar Number 246653]

Caleb Mason
Counsel for Remington Goy Ogletree